## CARVER vs. HALLETT, Executor, &c.

1. An order of the probate court, made on the application of two co-executors, for the allowance to each of a specified sum as annual compensation for his services in the management of the estate, will not support an action at law in favor of one of them, or his assignee, against the other.

Appeal from the City Court of Mobile.

Tried before the Hon. Alex. McKinstry.

The complaint in this case was as follows:

"Thomas J. Carver, assignee of Robert L. Walker, vs. William R. Hallett, executor of Joshua Kennedy. The plaintiff claims of the defendant, as executor of Joshua Kennedy, deceased, the sum of two thousand, seven hundred and fifty-five dollars, amount of compensation for his services as executor of the estate of said Joshua Kennedy, as allowed by the decree of the Orphans' Court of Mobile county, rendered on the 3d day of December, 1845, with interest on said sum; which claim has been assigned to plaintiff."

In support of his complaint, at the trial, the plaintiff offered in evidence an order of the Orphans' Court of Mobile county, in these words:

"In the estate of Joshua Kennedy, deceased. Orphans' Court of Mobile Co. December 3, 1845.

"On the application of the executors that an annual compensation be allowed them for services in the management of said estate, it is ordered. that a compensation of three thousand dollars *per annum* be allowed to Wm. R. Hallett, one of the executors, in lieu of commissions, for his attention and services in the management of said estate, to commence from the date of his letters testamentary; and it is further ordered, that a compensation of three hundred dollars *per annum* be allowed to Robert L. Walker, the other executor, in lieu of commissions, for his attention and services in the management of said estate, to commence from the date of his letters testamentary."

The plaintiff also proved the assignment of this claim by said Walker to himself before the institution of this suit.—On an agreed statement of facts, which it is unnecessary to notice further, the court gave judgment for the defendant, and its judgment is now assigned for error.

JOHN A. CUTHBERT and P. HAMILTON, for the appellant.

E. S. DARGAN, *contra.*

GOLDTHWAITE, J.—If the order of allowance had been put in the shape of a judgment, against the estate, or against the co-executor, we should then have had great doubt whether it would serve as a foundation for a suit at law, which must rest upon a legal demand. We incline to the opinion, that an order of such a character is so connected with the administration, that it could be enforced only through the medium of the court which controlled the estate; but it is unnecessary, in the present case, to go so far, as the order of the Probate Court, on which it was based, was simply one which ascertained the amount to be allowed to the executor as compensation for his services. There was no judgment against the co-executor—no direction even that he should pay it; and it therefore creates no legal liability as against him. As a judgment, it was void.—Hughes v. Mitchell, 19 Ala. 268. If Walker had not the funds in his hands to pay it, the Probate Court, by virtue of its general powers over the estate, might have directed it to be paid by the other executor, and enforced the payment by attachment; but the order, in the shape in which it is, creates no demand which can be enforced in a court of law against him.

As the order would not have authorized the party in whose favor it was made to recover upon it, his assignee stands in no better situation; and in rendering judgment for the defendant, in a suit where the evidence showed that the plaintiff had not the right to recover upon any state of the pleadings, there was no error.

Judgment affirmed.